IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ROBERT ARNOLD SHARPE, JR., :
:
      Plaintiff :
:
      VS. : CIVIL ACTION NO: 7:10-CV-113 (HL)
:
ESTER CONNELL; :
WANDA MCCULLOCH; :
DAMIEN BENNETT; :
ANTHONY HEATH; :
ANTONIO CARTER, :
: **ORDER**
      Defendants :

Plaintiff **ROBERT ARNOLD SHARPE, JR.**, an inmate at Hancock State Prison in Sparta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff also sought leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated November 2, 2010, the Court granted this his motion to proceed *in forma pauperis* and waived the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil

action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where Plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."

***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also* ***Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See* ***Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983

complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

### *III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS*

Plaintiff asserts that the named Defendants have violated his right of access to the courts. Specifically, Plaintiff alleges that he received an "Order Requesting Prisoner be Allowed to Participate in Court Proceedings." This Order provided as follows: "The Department of Corrections is requested to allow Robert Sharpe . . . to make a non-collect and unmonitored telephone call to [the State of Michigan, 36th Judicial Circuit, VanBuren County Probate Court] at 10:00 am on 10/06/2010 to discuss his . . . participation in Permanency Planning Hearing, a proceeding in which he . . . is a party."

Plaintiff states that he "spoke to and provided [the] court documentation to the administration officers prior to the scheduled telephone communication [and] filed several requests to remind the officers of the vital telephone communications but received unprofessional responses." Plaintiff alleges that he spoke with Defendant Ester Connell about the telephone communication and she assured him that he would be allowed to participate in the telephone call. However, on the date of the call, she informed him that he would not be allowed to use the phone to participate in the Permanency Planning Hearing. Plaintiff states that Defendants Heath and Carter also knew that the VanBuren County Probate Court had requested he participate in the telephone conference. However, they refused to let him. Plaintiff states that Defendant McCulloch lied to him in order to keep him from making or participating in the telephone conference and Defendant Bennett knew about

4

the required call, but refused to assist Plaintiff.

Prisoners have a constitutional right of access to the courts. In ***Bounds v. Smith***, 430 U.S. 817, 821 (1977), the United States Supreme Court explained that the right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in law." ***Id.*** at 828. In order to prevail on a claim for denial of access to the courts, an inmate must demonstrate that he has suffered "actual injury," which means the prisoner has been hindered in his efforts to pursue a legal claim. ***Lewis v. Casey***, 518 U.S. 343, 349-52 (1996). This actual injury requirement is not satisfied by any type of frustrated legal claim, but is limited to "qualified legal actions," *i.e.*, nonfrivolous (1) criminal trials or appeals; (2) habeas proceedings; or (3) § 1983 cases challenging the conditions of confinement. ***Lewis v. Casey***, 518 U.S. 343 (1996)***; Hyland v. Parker***, 163 Fed. Appx. 793, 798 (11th Cir. 2006). Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration. ***Id.***

In this case, Plaintiff does not complain about his lack of access to the courts for such a qualified legal action. He complains that he was unable to engage in litigation involving a child custody matter. This is a matter unrelated to his conviction or any condition of his confinement and, as such, Plaintiff cannot demonstrate actual injury. Therefore, Plaintiff's claim fails as a matter of law. ***See King v. Hunt County***, 2010 U. S. Dist. LEXIS 113596 at *4-*5 (N. D. Tex. Oct. 1, 2010)(a prisoner's inability to litigate his child custody case does not demonstrate "actual injury" to support an access to courts claim).

Based on these findings, Plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** because it fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 31st day of March, 2011.


                                            *s/ Hugh Lawson*
                                            HUGH LAWSON, JUDGE
                                            UNITED STATES DISTRICT COURT


lnb